IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal Action No. 3:96CR116
Civil No. _____

LESLIE BROCKINGTON

## MEMORANDUM OPINION

Leslie Brockington was found guilty of conspiracy to distribute heroin and aiding and abetting possession with intent to distribute controlled substances and sentenced to two concurrent 360 month terms of imprisonment. (ECF No. 165.) By Memorandum Opinion and Order entered on May 5, 2000, the Court denied Brockington's motion under 28 U.S.C. § 2255. (ECF Nos. 263, 264.) On May 9, 2016, the Court received a document entitled "Motion to Reduce Sentence Under Residual Clause of the Armed Career, Career Criminal, and Career Offender" in which he seeks relief in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). ("Motion to Reduce Sentence" ECF No. 340.) Despite his labeling of his motion as a Motion to Reduce Sentence, Brockington attacks his sentence as unconstitutional in light of *Johnson*. As explained below, Brockington's Motion to Reduce Sentence must be treated as a successive, unauthorized 28 U.S.C. § 2255 motion.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The Fourth Circuit has instructed that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). A motion pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'" *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit . . . or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (citation omitted). "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover." *Id.* (citing *Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001)). In other words, a "'motion is a second or successive [habeas] petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction.'" *United States v. McCalister*, 453 F. App'x. 776, 778 (10th Cir. 2011) (alteration in original) (quoting *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006)).

In his May 9, 2016 Motion to Reduce Sentence, Brockington contends that he was improperly sentenced in light of several new decisions from the Supreme Court of the United States. Brockington's Motion to Reduce Sentence is in effect another attack on his sentence and must be treated as a successive § 2255 motion. The Court has not received authorization from the Fourth Circuit to file the present § 2255 motion. Therefore, the action will be DISMISSED for want of jurisdiction. A certificate of appealability will be DENIED.

An appropriate Order shall issue.

Date: 6-9-16
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge